IN THE UNITED STATES DISTRICT COURT
RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION 2017 DEC 15 P 4: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SANDY L. STROZIER
    Plaintiff,

v.

CASE NO.: 3:17-cv-853
DEMAND FOR JURY TRIAL

THE CITY OF LANETT,
KYLE MCCOY, individually and his
Official capacity as Mayor of the City
of Lanett, JASON ABERNATHY, individually
and his official capacity as Code Enforcement
Officer for the City Of Lanett.

## COMPLAINT
### Parties

1. Plaintiff, Sandy L. Strozier, is over the age of nineteen (19) years, a citizen of the United States and the State of Georgia and resides at 6412 Woodbryar Lane, Midland Georgia, 31820.

2. Defendant, City of Lanett, is a duly incorporated Municipal Corporation incorporated in the County of Chambers, State of Alabama. All at all times material hereto the principal government offices of the City of Lanett are located at 401 N. Lanier Avenue, Lanett AL 36863.

3. Defendant, Kyle McCoy is over the age of nineteen years (19) a citizen of the United States and the State of Alabama. At all times material hereto Defendant McCoy is the duly elected Mayor of the City of Lanett.

4. Defendant, Jason Abernathy, is over the age of nineteen years (19) a

citizen of the United States and the State of Alabama. At all times material hereto Defendant Abernathy is a servant, agent and employee of Defendant City of Lanett and, the duly appointed Code Enforcement Officer for the City of Lanett.

## JURISDICTION

5. The Federal Court has jurisdiction over this matter pursuant to the Fourteenth Amendment to the Constitution of the United States. This matter arises under 28 USC 1331 and 1343 and 28 USC 1367.

## ALLEGATIONS

6. On or about the year 2005, plaintiff purchased real property in the City of Lanett identified as 6145 6th Avenue, Lanett, Alabama. At all times material hereto, a residence was located on the property and attached thereto.

7. That subsequent to the purchase of the property plaintiff commenced repairing the residence.

8. On or about October 14, 2015, defendant Abernathy caused a notice to be forwarded to the last known address of the plaintiff indicating, the residence on plaintiff's property was dilapidated/burned, and requiring plaintiff to repair same and bring it up to state code or tear it down, or remove same in order to abate the unsafe condition and public nuisance.

9. That defendant Abernathy caused subsequent notices to be forwarded to plaintiff on December 28, 2015 and December 27, 2016. The December 27, 2016 notice was forwarded to JP Morgan Chase, the holder of a mortgage on the property. The notice specifically stated, inter alia, 'Consider this your final notice that the property is condemned and must be abated'.

10. That all notices forwarded to plaintiff via Certified United States Mail were returned to defendants marked 'unclaimed'.

11. That defendants possessed knowledge on or about October 2015 upon return of the first notice that subsequent notices mailed to the plaintiff's address listed with the Chambers County Revenue Commissioner's office was insufficient to apprise plaintiff of defendants' claim the residence was in violation of the state code, and requiring plaintiff to abate the unsafe condition and public nuisance.

12. That 11-40-33 Code of Alabama 1975 provides, inter alia, 'a) Within the times specified in the notice, but not more than 30 days from the date the notice is given, any person, firm or corporation having an interest in the building or structure may file a written request for a hearing before the governing body of the municipality, together with his or her objections to the finding by the municipal official that the building or structure is unsafe to the extent of becoming a public nuisance. The filing of the request shall hold in abeyance any action on the finding of the municipal official until determination therein is made by the governing body'. The defendant, City of Lanett, is governed by the cited state statute.

13. That prior to the lapse of 30 days from the December 27, 2016 notice, plaintiff spoke to Defendants McCoy and Abernathy and registered his objections to the finding the residence was a public nuisance, and indicated substantial repairs had been made and additional repairs were presently being made.

14. That prior to the lapse of 30 days from the December 27, 2016 notice, Plaintiff caused written objections to be forwarded to defendant City by facsimile and certified mail indicating the residence was not unsafe to the extent of becoming a public nuisance.

15. That at the time defendants caused plaintiff's residence to be razed, the residence was not unsafe to the extent of becoming a public nuisance.

16. As a result of the above premises plaintiff has suffered, incidental damages, economic injury and mental anguish.

## First Claim For Relief

17. That the notices sent by defendants to plaintiff via United States Mail, with knowledge plaintiff would not receive same, failed to apprise plaintiff of the finding by defendants the residence was in violation of state code, and that plaintiff should abate the unsafe condition and public nuisance, violating plaintiff's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

## Second Claim For Relief

18. That the notices sent by defendants to plaintiff via United States Mail, with knowledge plaintiff would not receive same, failed to apprise plaintiff of the finding by defendants the residence was in violation of state code, and that plaintiff should abate the unsafe condition and public nuisance, deprived plaintiff of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States.

## Third Claim For Relief

19. That razing the residence subsequent to plaintiff serving notice upon defendants objecting to finding the residence a public nuisance, and prior to the lapse of 30 days from defendant's December 27, 2016 notice, violated plaintiff's right to due process of law afforded under the Fourteenth Amendment to the Constitution of the United States.

## Fourth Claim For Relief

20. That razing the residence prior to the lapse of 30 days from defendant's

December 27, 2016 notice, violated plaintiff's right to due process of law afforded under the Fourteenth Amendment to the Constitution of the United States.

### Fifth Claim For Relief

21. That razing the residence subsequent to plaintiff serving notice upon defendants objecting to finding the residence a public nuisance, and prior to the lapse of 30 days from the December 27, 2016 notice, deprived plaintiff of his property without due process of law afforded under the Fourteenth Amendment to the Constitution of the United States.

### Sixth Claim For Relief

22. That razing the residence prior to the lapse of 30 days from defendant's December 27, 2016 notice deprived Plaintiff of his property without due process of law afforded under the Fourteenth Amendment to the Constitution of the United States.

### Seventh Claim For Relief

23. That defendants razing the residence subsequent to plaintiff serving notice upon defendants objecting to finding the residence a public nuisance, and prior to the lapse of 30 days from the December 27, 2016 notice, was willful and intentional and deprived plaintiff of his property without due process of law afforded under the Fourteenth Amendment to the Constitution of the United States.

### Eighth Claim For Relief

24. That defendants razing the residence subsequent to plaintiff serving notice upon defendants objecting to finding the residence a public nuisance, and prior to the lapse of 30 days from the December 27, 2016 notice, was willful and

intentional and denied plaintiff's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE the above premises considered plaintiff respectfully the court for the following relief:

a) Enter an Order finding the defendants denied plaintiff due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

b) Enter an Order finding the defendant deprived plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of The United States;

c) Enter an Order awarding Plaintiff Compensatory and incidental damages as would put him in the economic position he would have been in but for acts complained of herein;

d) Enter an Order awarding Plaintiff punitive damages against defendants to insure that the actions of the defendants will not re-occur.

e) Such other, further and different relief the court deems proper.

Respectfully submitted

/s/James E. Wilson, Jr/WIL077

OF COUNSEL
James E. Wilson, Jr.
732 Carter Hill Road
P.O. Box 6237
Montgomery, AL 36106
Tel: 334-834-9899
Fax: 334-834-7557
E-mail: ATYWILSON@NETZERO.NET